UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAVENE THOMPSON, : | |
| *Plaintiff*, : | |
| : | No. 3:19-cv-1983 (VAB) |
| v. : | |
| : | |
| HARTFORD COUNTY MEDICAL : | |
| DEPARTMENT, *et al.*, : | |
| *Defendants*. | |

**INITIAL REVIEW ORDER**

Shavene Thompson ("Plaintiff") filed a Complaint *pro se* under 42 U.S.C. § 1983 while incarcerated at Carl Robinson Correctional Institution in Enfield, Connecticut. Compl., ECF No. 1 (Dec. 18, 2019). Mr. Thompson names Hartford County Medical Department at Hartford Correctional Center and the Department of Correction as Defendants, but within the body of the Complaint, Mr. Thompson also refers to John or Jane Doe Medical Remedies Coordinator at Hartford Correctional Center and John or Jane Doe Administrative Remedies Coordinator at Hartford Correctional Center. *Id.* at 1–3.

For the reasons explained below, the Court **DISMISSES** all claims under 28 U.S.C. § 1915A(b).

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On October 18, 2018, Mr. Thompson was allegedly "chopped" five time while trying to defend his son and his son's mother from an assailant. Compl. ¶ 1. As a result, Mr. Thompson was allegedly incarcerated at Hartford Correctional Center. *Id.*

Before arriving at Hartford Correctional Center, Mr. Thompson was allegedly seen by a doctor at St. Francis Hospital in Hartford. *Id.* ¶ 2. The doctor allegedly recommended that Mr.

Thompson see a hand specialist for surgery to repair a shattered knuckle and cut tendon on a finger of his left hand. *Id.* Mr. Thompson is allegedly unable to move the injured finger. *Id.*

On February 13, 2019, Mr. Thompson allegedly wrote to the medical department at Hartford Correctional Center requesting to see a doctor about his hand injuries. *Id.* ¶ 3. Mr. Thompson allegedly submitted an authorization form to enable the medical department to obtain the x-rays from St. Francis Hospital, *id.*, but allegedly received no response, and does not know if they ever obtained the x-rays, *id.* ¶ 4.

On March 30, 2019, Mr. Thompson allegedly submitted a second request, and again received no response. *Id.* ¶¶ 5–6.

Mr. Thompson's bandages, which allegedly had not been changed since November 26, 2018, were discolored and smelled badly. *Id.* ¶ 7. He allegedly lost feeling the four fingers of his left hand, and "still has no mobility." *Id.*

On May 22, 2019, Mr. Thompson again allegedly sought treatment and wrote to the medical department at Hartford Correctional Center. *Id.* ¶ 8. He allegedly stopped wearing the bandages because the medical department had not called him down to change the bandage and he was tired of wearing a smelly bandage. *Id.*

On September 11, 2019, Mr. Thompson allegedly received a response to his May 22, 2019 grievance. *Id.* ¶ 9. Mr. Thompson claims this was longer than the fifteen-day period during which he should have received a response. *Id.* A doctor from Hartford Correctional Center allegedly wrote the response, and stated that Mr. Thompson would be seen by a hand specialist and would receive more x-rays; however, Mr. Thompson alleges "that neve[r] happened." *Id.*

On September 26, 2019, Mr. Thompson was allegedly transferred to Carl Robinson Correctional Institution. *Id.* ¶ 10.

On December 18, 2019, Mr. Thompson filed his Complaint in this Court. *Id.* at 1. At that time, he allegedly still had not been seen by a doctor about his hand injuries, and alleges he has suffered due "medical negligence by medical personnel, which is medical malpractice." *Id.* ¶ 10. Mr. Thompson seeks $125,000 in damages. *Id.* at 6.

Mr. Thompson also sought leave to proceed *in forma pauperis*, Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2 (Dec. 18, 2019), which was granted by the Court, Order, ECF No. 7 (Dec. 30, 2019).

On January 13, 2020, Mr. Thompson notified the Court that he was no longer incarcerated, and provided a new address. Notice, ECF No. 8 (Jan. 13, 2020).

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'") (quoting 28 U.S.C. § 1915A).

The Federal Rules of Civil Procedure require that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it

rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

**III.   DISCUSSION**

Mr. Thompson asserts a claim of medical negligence or malpractice. Compl. ¶ 10.

Rule 10(a) of the Federal Rules of Civil Procedure requires that all defendants be listed in the case caption. *See* Fed. R. Civ. P 10(a) ("title of the complaint must name all the parties"). Mr.

Thompson lists only the Hartford County Medical Department at Hartford Correctional Center and the Department of Correction in the case caption. Compl. at 1. Thus, these two entities are the only defendants in this case. In the body of the Complaint, Mr. Thompson describes the defendants as the John or Jane Doe Medical Grievance Coordinator and John or Jane Doe Administrative Remedies Coordinator at Hartford Correctional Center. Compl. at 2–3. As neither is included in the caption, they are not defendants in this case. *See Shariff v. United States*, 689 F. App'x 18, 19 (2d Cir. 2017) (noting that when dismissing original complaint, district court correctly instructed plaintiff that he must identify all defendants in the case caption).

To state a cognizable Section 1983 claim, Mr. Thompson must allege facts showing that a person acting under color of state law deprived him of "any rights, privileges, or immunities" secured by the United States Constitution or federal law. 42 U.S.C. § 1983. State agencies are not persons within the meaning of section 1983. *See Bhatia v. Conn. Dep't of Children & Families*, 317 F. App'x 51, 52 (2d Cir. 2009) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). As a state agency, the Department of Correction is not a proper defendant. As a unit of the state agency, the Medical Department of Hartford Correctional Center also is not a person within the meaning of section 1983. *See Remillard v. Maldonado*, 3:15-cv-1714 (SRU), 2016 WL 3093358, at *2 (D. Conn. June 1, 2016).

Accordingly, all claims against the Department of Correction and the Medical Department at Hartford Correctional Center will be dismissed.

Mr. Thompson's allegations suggest that he was a pretrial detainee at the time of his claim. "A pretrial detainee may not be punished at all under the Fourteenth Amendment, whether . . . by deliberate to conditions of confinement, or otherwise." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). A pre-trial detainee may allege unconstitutional conditions of

confinement by demonstrating that officers acted with deliberate indifference to the challenged conditions. Under the deliberate indifference standard, a pretrial detainee must satisfy both objective and subjective criteria. *See Valdiviezo v. Boyer*, 752 F. App'x 29, 32-33 (2d Cir. 2018) (applying the same standard to a claim for deliberate indifference to medical needs under Section 1983).

The objective prong demands a pretrial detainee to show "that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process[.]" *Darnell*, 849 F.3d at 29. Sufficiently serious conditions are those that "either alone or in combination, pose an unreasonable risk of serious damage his health,' which includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schutt*, 717 F.3d 119, 125 (2d Cir. 2013); *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1978)). In addition, a pretrial detainee must prove that an official acted intentionally or recklessly, and not merely negligently." *Darnell*, 849 F.3d at 36.

"There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the condition themselves must be evaluated in light of contemporary standards of decency.'" *Id*. The standards for evaluating objective deprivations depend on "severity and duration" and "not the detainee's resulting injury." *Id*. In addition, the analysis should take place on a "case-by-case-basis," *id* at 30, and "the conditions must be analyzed in combination, not in isolation, at least where on alleged deprivation has a bearing on another, *id*. at 32 ("[a]n overcrowded cell, for example, may exacerbate the effect of unsanitary conditions.").

Here, Mr. Thompson describes his claim as medical negligence; however, negligence is not cognizable under section 1983. *See id.* at 36 ("A detainee must prove that an official acted intentionally or recklessly, and not merely negligently."). Under Section 1983, a "claim for a